UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. HART, | ) | CASE NO. 1:22-CV-162 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| WARDEN RONALD ERDOS, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |

On January 13, 2022, Petitioner filed a petition for writ of habeas corpus.[1] (ECF No. 1). On November 16, 2023, Magistrate Judge Thomas M. Parker submitted a Report and Recommendation ("R&R"), recommending that the Court dismiss the petition as untimely. (ECF No. 15). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations governing all applications for writs of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d). The Magistrate Judge determined that the statute of limitations expired on November 17, 2021 and the habeas petition was not filed until December 13, 2021. (ECF No. 15). The Magistrate Judge found Petitioner to not be entitled to equitable tolling of the AEDPA statute of limitations. *Id*.

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within fourteen (14) days after service. Petitioner filed his objections on December 7, 2023. (ECF No. 16). However, Petitioner did not receive a copy of the R&R until November 30, 2023, so the Court

---

[1] The docket reflects that the habeas petition was filed on January 13, 2022. (ECF No. 1). However, the Magistrate Judge determined, under the prison mailbox rule, that the petition is deemed filed on December 13, 2021. (ECF No. 15).

1

accepts his objections as timely. (ECF No. 16, PageID 204).

A district court must conduct a *de novo* review of the portions of the R&R to which the parties objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. US*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42, 149–50 (1985).

Petitioner's first objection concerns a statement in the R&R regarding the indictment date in Petitioner's underlying criminal case. (ECF No. 16, PageID 205). The R&R states that Petitioner was indicted in December 2019. (ECF No. 15). Petitioner is correct that this was a misstatement of the indictment date. The grand jury indictment in the underlying criminal case was filed on December 9, 2016. (ECF No. 8, PageID 31). This error does not affect the underlying analysis in the Magistrate Judge's decision that the habeas petition was untimely.

Petitioner also objects to the R&R's characterization that the Supreme Court of Ohio declined to accept jurisdiction of his appeal. (ECF No. 16, PageID 206). He argues that Justice Fischer stated he would have accepted the appeal of the second proposition of law. *Id*. The Court finds no indication of that information in the entry declining jurisdiction of Petitioner's appeal filed by the Supreme Court of Ohio. (ECF No. 8, PageID 135). The Magistrate Judge's statement in the R&R was correct that the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal on August 18, 2020. (ECF No. 15).

Petitioner appears to raise an objection to the R&R's equitable tolling analysis when he states, "I have been hindered heavily, because I have contracted Covid 19 4 times." (ECF No. 16, PageID 206). This is likely in response to the portion of the R&R that states, "Hart's general statements about being burdened by the COVID-19 pandemic do not establish a right to equitable tolling because he offered no explanation as to how the pandemic prevented a timely filing of the

instant petition." (ECF No. 15). In Petitioner's traverse, he noted that he caught COVID-19 twice during the "height of the global pandemic." (ECF No. 9, PageID 164). The Magistrate Judge considered that information when issuing the R&R and explained that Petitioner had the burden of demonstrating and explaining "why specific circumstances related to the pandemic hindered his or her ability to file a timely habeas petition." (ECF No. 15). Petitioner still has not explained how he was prevented from timely filing his habeas petition. Consequently, as the Magistrate Judge concluded, Petitioner is not entitled to equitable tolling of the AEDPA statute of limitations.

Finally, Petitioner objects to the Magistrate Judge's recommendation that no certificate of appealability issue in this case because no jurists of reason would find the conclusion that his petition was untimely to be debatable. (ECF No. 16, PageID 207). Petitioner argues in response that he documented all his arguments. *Id*. This does not address the untimeliness issue or the propriety of issuing a certificate of appealability. The Magistrate Judge recommended dismissal for procedural reasons (untimeliness) and recommended that no certificate of appealability issue because Plaintiff did not provide evidence to support the equitable tolling of the November 17, 2021 deadline. (ECF No. 15). The Court agrees with the Magistrate Judge's determinations. No certificate of appealability will be issued in this case.

The Court **ADOPTS** Magistrate Judge Parker's R&R, incorporates it fully herein by reference, and **DISMISSES** the Petition as untimely. The Court also finds that there is no basis upon which to issue, and will not issue, a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: December 12, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**